**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-11286**
**Summary Calendar**

_____

**PHILE A. WATSON,**

**Plaintiff-Appellant,**

**versus**

**TENNECO PACKAGING, INC.,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(3:98-CV-1099-T)**

_____

**April 30, 1999**

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Phile Watson contests the dismissal of his Title VII action for want of prosecution, challenging a final judgment entered on 19 August 1998 and an order entered on 5 October 1998 denying his motion for reconsideration.

The action was dismissed by final judgment entered on 19 August 1998. Accordingly, Watson had 30 days to file a notice of appeal. *See* FED. R. APP. P. 4(a)(1). Instead, he filed a *pro se* motion for reconsideration on 28 September 1998, approximately six weeks after the dismissal. The district court denied the motion on 5 October 1998. Watson filed a notice of appeal on 4 November

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1998. As noted, he challenges the final judgment and the order denying his motion.

Because a motion to alter or amend the judgment must be filed no later than ten days after entry of the judgment, *see* FED. R. CIV. P. 59(e), Watson's motion was untimely for that purpose. Instead, it is treated as a Rule 60 motion for relief from judgment. *E.g., Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996). A Rule 60 motion will not extend the time for filing a notice of appeal, *see* FED. R. APP. P. 4(a)(4)(A)(vi). Needless to say, a timely notice of appeal is mandatory and jurisdictional, *e.g., Richardson v. Oldham*, 12 F.3d 1373, 1377 (5th Cir. 1994). Accordingly, we have jurisdiction only as to the denial of the Rule 60 motion. Watson, however, presents no issues relevant to the ruling on that motion. No authority need be cited for the rule that his challenge to that order is therefore abandoned.

For the foregoing reasons, the appeal from the final judgment is **DISMISSED** and the order denying reconsideration is **AFFIRMED**.

*DISMISSED IN PART AND AFFIRMED IN PART*